IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DEJUAN THOMAS**  No. 3:14-cr-00214 - MO

Plaintiffs,  OPINION AND ORDER

v.

**UNITED STATES**

Defendant.

**MOSMAN, J.,**

This matter comes before me on Plaintiff Dejuan Thomas's pro se motion to correct his sentence under 28 U.S.C. § 2255. [151]. For the reasons below, I DENY Mr. Thomas's motion.

## BACKGROUND

On May 5, 2016, Mr. Thomas pleaded guilty to tampering with a witness in violation of 18 U.S.C. § 1512(b)(1), [133], after a federal grand jury indicted Mr. Thomas on charges of sex trafficking by force and tampering with a witness. [69].

The Presentencing Report ("PSR") calculated a base offense level of 28 and a total offense level of 26. [158] at 5. The PSR found that the advisory guideline range was between 78 and 97 months. [138] at 5. The parties agreed to the same offense levels and advisory guideline range in the plea agreement. [135]. After pleading guilty but prior to sentencing, Mr. Thomas, through his counsel, Tyl Bakker, argued a base offense level of 28 was incorrect because a cross reference from USSG § 2J1.2(c)(1) (obstruction of justice) to § 2X3.1 (accessory after the fact) did not apply. [146] at 2–3.

1 – OPINION AND ORDER

At sentencing, I concluded the cross reference applied and Mr. Thomas's total offense level was 26. [150] at 4–5; [149] at 1. Accordingly, I sentenced Mr. Thomas to 90-months imprisonment, 3-years supervised release, and a $100 special assessment fee. [148].

Mr. Thomas now moves to correct his sentence. He makes 4 claims for ineffective assistance of counsel:

1. Mr. Bakker relayed inaccurate information that induced Mr. Thomas to enter a plea agreement.

2. Mr. Bakker failed to adequately investigate legal issues concerning Mr. Thomas's plea.

3. Mr. Bakker failed to accurately inform Mr. Thomas about the consequences of pleading guilty.

4. Mr. Bakker failed to object to my finding that Mr. Thomas's base offense level was 28.

[151] at 4–7. The government responded to that motion. [158]. Mr. Thomas replied. [159]. In his addendum, Mr. Thomas also argues that he is serving an illegal sentence. [164]. However, as part of the plea agreement, Mr. Thomas waived his right to appeal or collaterally attack his own conviction or sentence under 28 U.S.C. § 2255, except for claims regarding ineffective assistance of counsel. [135] at 3.

**LEGAL STANDARD**

I. **Ineffective Assistance of Counsel**

To prevail on a claim challenging the validity of a guilty plea based on counsel's performance, a petitioner must demonstrate (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 57–59 (1985). Satisfying the second prong will "depend in large part on a

prediction [of] whether the evidence likely would have changed the outcome of a trial." *Id.* at 59. But if a petitioner fails to satisfy either prong, his or her claim necessarily fails. *Strickland v. Washington*, 466 U.S. 668, 700 (1984).

## II. Evidentiary Hearing

When a petitioner makes a 28 U.S.C. § 2255 motion, he or she is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (quoting 28 U.S.C. § 2255(b)).

## III. Certificate of Appealability

"In a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a . . . district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22. § 2253(c) requires a petitioner to demonstrate "a substantial showing of the denial of a constitutional right," meaning "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

## DISCUSSION

### I. Ineffective Assistance of Counsel

Each of Mr. Thomas's claims rest on a single assertion: Mr. Thomas's base offense level was 14 (for obstructing justice), as opposed to 28 (for obstructing the prosecution of sex trafficking) because he was not convicted of sex trafficking by force. [151] at 4–7. However, as I discuss below, Mr. Thomas's base offense level is 28. For that reason, each of Mr. Thomas's claims fail.

When a person obstructs the prosecution of a criminal offense, "the offense level for obstruction is driven by the offense level of the crime whose prosecution was obstructed." *United States v. Arias*, 253 F.3d 453, 454–55 (9th Cir. 2001). The Sentencing Guidelines achieve this result through a cross reference from § 2J1.2(c) to § 2X3.1. § 2J1.2(c) states that "[i]f the offense involved obstructing the investigation or prosecution of a criminal offense, apply § 2X3.1 (Accessory After the Fact) in respect to that criminal offense." § 2X3.1(a)(1) provides that the base offense level for obstructing the prosecution of a crime is "6 levels lower than the offense level for the underlying offense."

The cross reference applies "without regard to whether the underlying offense whose prosecution was obstructed was or is provable." *Arias*, 253 F.3d at 461. In fact, "proof of the underlying offense is not material, because the point of the cross reference is to punish more severely (and to provide a greater disincentive for) perjury in, and obstruction of, prosecutions with respect to more serious crimes." *Id.* at 459. As the Sixth Circuit put it, obstructing a more serious crime warrants more punishment than obstructing a less serious crime because "[s]omeone who obstructs a murder investigation risks severe punishment, even if he knows the suspect is innocent, because a murder investigation itself is a very serious thing and its obstruction cannot be tolerated." *United States v. Greer*, 872 F.3d 790, 798 (6th Cir. 2017).

Here, Mr. Thomas presently admits, and pleaded guilty to, obstructing the prosecution of sex trafficking by force. [159] at 16; [134] at 6–7. Sex trafficking by force carries a base offense level of 34. USSG § 2G1.1(a)(1). Because Mr. Thomas obstructed the prosecution of sex trafficking by force, the cross reference from § 2J1.2(c) to § 2X3.1 applies. § 2X3.1(a)(1) calls for Mr. Thomas's base offense level to be 6 levels lower than 34—even if he did not commit sex trafficking. Accordingly, Mr. Thomas's base offense level is 28.

### A. Mr. Bakker's representation did not fall below an objective standard of reasonableness.

#### i. Mr. Bakker did not relay inaccurate information that induced Mr. Thomas to enter a plea agreement.

Mr. Thomas contends Mr. Bakker misled him into believing that a base offense level of 28 applied when really—had Mr. Thomas gone to trial, and been found not guilty of sex trafficking—a base offense level of 14 could have applied. [151] at 4; [164] at 3. Mr. Thomas overlooks the fact that the cross reference applies "without regard to whether the underlying offense whose prosecution was obstructed was or is provable." *Arias*, 253 F.3d at 461. Because Mr. Thomas's base offense level is 28, Mr. Bakker did not mislead Mr. Thomas. Accordingly, I find that Mr. Bakker's performance did not fall below an objective standard of reasonableness.

#### ii. Mr. Bakker did not fail to investigate adequately legal issues concerning Mr. Thomas's plea.

Mr. Thomas contends that if Mr. Bakker investigated the sentencing guidelines adequately, then Mr. Bakker would have learned that the base offense level for the underlying offense applies only when a defendant is actually convicted of that offense. [151] at 5. Mr. Thomas's argument fails. The law is clear: the correct base offense level for obstructing the prosecution of a crime is 6 levels lower than the offense level for the underlying offense. § 2X3.1(a)(1). The record is also clear: as Mr. Bakker's declaration demonstrates, Mr. Bakker researched whether the cross reference applied, correctly concluded that it did, and met with Mr. Thomas numerous times to go over that finding. [158-4] at ¶10, ¶11, ¶16, ¶18, and ¶¶22–24. Accordingly, I find that Mr. Bakker's performance did not fall below an objective standard of reasonableness.

#### iii. Mr. Bakker did not fail to inform Mr. Thomas about the consequences of pleading guilty.

5 – OPINION AND ORDER

Mr. Thomas contends that Mr. Bakker failed to inform Mr. Thomas adequately that he was giving up a base offense level of 14, and agreeing to a total offense level of 26 in exchange for dismissing the counts of sex trafficking by force and tampering with a witness. [151] at 6–7. First, the law contradicts Mr. Thomas's contention. Mr. Thomas's base offense level for obstructing the prosecution of sex trafficking by force is 28—regardless of whether he went to trial and was found not guilty of sex trafficking. Second, the record contradicts Mr. Thomas's contention. Mr. Thomas signed a plea petition that stated Mr. Bakker reviewed the sentencing guidelines with him; Mr. Bakker signed a certificate of counsel, which corroborated Mr. Thomas's plea petition. [158-4] at ¶ 13; [158-4] at 8. Moreover, Mr. Thomas signed a plea agreement acknowledging that the base offense level would be 28 with a 2 point acceptance reduction for a total offense level of 26. [135]. Accordingly, I find that Mr. Bakker's performance did not fall below an objective standard of reasonableness.

### iv. Mr. Bakker did not need to object to my finding that the cross reference applied.

Mr. Thomas contends that Mr. Bakker should have objected after I found the cross reference applied. [151] at 8. Mr. Bakker is not required to object to a correct finding.[1] *See Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005) ("[T]rial counsel cannot have been ineffective for failing to raise a meritless objection."). Accordingly, I find that Mr. Bakker's performance did not fall below an objective standard of reasonableness.

## II. Evidentiary Hearing

Mr. Thomas also requests an evidentiary hearing. [151] at 12. As explained above, the cross reference applies to Mr. Thomas's case, regardless of whether the underlying offense is true. In other words, the motion and the files and records of the case conclusively show that Mr.

---

[1] Further, before sentencing, Mr. Bakker wrote a sentencing memorandum, arguing the cross reference should not apply. [146] at 2–3.

6 – OPINION AND ORDER

Thomas is entitled to no relief. *See Leonti*, 326 F.3d at 1116. Accordingly, I deny Mr. Thomas's request for an evidentiary hearing.

**III.     Certificate of Appealability**

Mr. Thomas also requests a Certificate of Appealability on all grounds presented. [151] at 12. Ultimately, no reasonable jurists could debate whether Mr. Thomas's petition should have been resolved in a different manner. Everyone involved in this case including myself, [150] at 4–5, Mr. Bakker, [150] at 5, and the government, [158], agree that the cross reference applied. In fact, as the Sixth Circuit pointed out, "every other Circuit to consider [the issue] has also held that the State need not prove that the defendant committed the underlying crime." *Greer*, 872 F.3d at 798 (citing *United States v. Olsen*, 519 F.3d 1096, 1105–06 (10th Cir. 2008); *Arias*, 253 F.3d at 461; *United States v. Russell*, 234 F.3d 404, 409–10 (8th Cir. 2000); *United States v. Suleiman*, 208 F.3d 32, 38 (2d Cir. 2000); *United States v. Dickerson*, 114 F.3d 464, 468 (4th Cir. 1997); *United States v. Martinez*, 106 F.3d 620, 622 (5th Cir. 1997); *United States v. Queen*, 86 F.3d 180, 182–83 (11th Cir. 1996)). Accordingly, I deny Mr. Thomas's request because he has not made a substantial showing of the denial of a constitutional right.

## CONCLUSION

For the reasons given above, I DENY Mr. Thomas's motion to correct his sentence. I also DENY Mr. Thomas's request for an evidentiary hearing and a certificate of appealability.

IT IS SO ORDERED.

DATED this 12 day of April, 2018.

MICHAEL W. MOSMAN
Chief United States District Judge